**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**CINCINNATI DIVISION**

| | | |
|---|---|---|
| **LINDSAY ANDERSON AND HEATHER ANDERSON,** | : | **CASE NO. _____** |
| c/o Gottesman & Associates | : | |
| 404 E. 12th Street, First Floor | | |
| Cincinnati, OH 45202 | : | |
| | | |
| Plaintiffs, | : | |
| | | |
| vs. | : | |
| | | |
| **FISCHER SINGLE FAMILY HOMES IV, LLC,** | : | **COMPLAINT FOR EQUITABLE RESCISSION AND MONETARY** |
| **3940 Olympic Boulevard, Suite 100, Erlanger, KY 41018** | : | **RELIEF WITH JURY DEMAND** |
| c/o KMK Service Corporation statutory agent | : | |
| 1400 Provident Tower | : | |
| One East Fourth Street | | |
| Cincinnati, OH 45202, | : | |
| | | |
| Defendant. | : | |

---

## INTRODUCTION

1.      Lindsay and Heather Anderson had a dream of building their own home. They chose Fischer Single Family Homes IV, LLC (hereinafter "Fischer Homes") because of promises that the newly constructed home would be built to their satisfaction and that any construction issues would be addressed by Fischer Homes. On August 27, 2019, the superintendent of Fischer Homes, Gregory Benoit, told Lindsay and Heather, "We won't lie and we won't cover anything up. If something is incorrect we will fix the mistake. It is all a process and we will make sure we deliver you the quality home you are expecting."

2.     These statements, and many others, were false and fraudulent and designed to induce Lindsay and Heather to proceed with closing on a defective, poorly constructed home. For more than a year, Lindsay Anderson and Heather Anderson have had to cope with continued false representations regarding repairs that they were told had been done prior to closing, but which had not been done.  Lindsay and Heather are continuing to discover the scope of these lies and fraudulent representations after hiring their own water, roofing, mold, and general home inspection teams.

3.     Because of the continued lies and misrepresentations, Lindsay and Heather Anderson believe only this Court can provide them with relief. Lindsay and Heather Anderson are entitled to equitable rescission of the purchase agreement with Fischer Homes and monetary relief. Moreover, because the defendant acted maliciously and with fraudulent intent, and because of the extensive and repeated misconduct, punitive damages are respectfully requested and are wholly appropriate in this case.

## JURISDICTION

4.     Jurisdiction over Plaintiffs' claims for equitable and monetary relief is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1).

5.     There is complete diversity of the parties and the matter in controversy is a fraudulently sold and defective home that was purchased for $363,310.00.

6.     Venue is proper in this district and division pursuant to S.D. Ohio Local Rule 82.1, as the various acts which form the basis of this complaint occurred within the Western Division at Cincinnati of the United States District Court for the Southern District of Ohio.

**PARTIES**

7.      Lindsay and Heather Anderson are individuals and reside at 7168 Canterwood Court in Maineville, which is located in Warren County, Ohio.

8.      Defendant Fischer Single Family Homes IV, LLC ("Fischer Homes"), is a Kentucky Limited Liability Company with a principal office located at 3940 Olympic Blvd, Suite 400, Erlanger, Kentucky, 41018.

**STATEMENT OF FACTS**

9.      Lindsay and Heather Anderson entered into a purchase agreement (hereinafter "the Agreement") with Fischer Homes on March 25, 2019. The Agreement is attached as exhibit A. Pursuant to the terms of the Agreement, Fischer Homes agreed to construct the residence located at 7168 Canterwood Court, Maineville, Ohio, 45039, in exchange for a purchase price of $355,725.00. After final design selections were made, the final price of the residence was $363,310.00.

10.      Prior to closing on the home, Lindsay and Heather would from time to time visit the home site and inspect the progress of the construction.

11.      On August 27, 2019, Lindsay Anderson expressed concerns to Gregory Benoit, a superintendent with Fischer Homes, about water dripping into the garage from the second floor.

12.      In reply, on the same date and on behalf of Fischer Homes, Gregory Benoit stated, "Lindsay, we won't lie and we won't cover anything up. If something is incorrect we will fix the mistake. It is all a process and we will make sure we deliver you the quality home you are expecting."

13. American Verified Home Inspections ("AVHI") conducted a home inspection on October 12, 2019. The AVHI home inspection report ("AVHI Report") is attached to this complaint as exhibit B.

14. The AVHI Report identified five different classifications in the report: acceptable (item is functional with no obvious sign of defect), not present (item not present or not found), not inspected (item was unable to be inspected for safety reasons or due to lack of power, inaccessible, or disconnected at time of inspection), marginal (item is not fully functional and requires repair or servicing), and defective (item needs immediate repair or replacement – it is unable to perform its intended function).

15. The AVHI Report identified sixteen marginal items within the newly constructed home.

16. The AVHI Report identified six defective items within the newly constructed home.

17. Among the defective conditions noted in the AVHI Report were 1-inch gaps where the wood eaves and rake boards meet the shingles above the roof line, cracked eaves, damaged shingles, damaged flashing, damaged ridge vents, ridge vents missing end caps, a loose tub spout in a bathroom surround that could be pulled out, and a window in the kitchen that could not lock in place properly.

18. The Andersons brought these marginal and defective items to the attention of Gregory Benoit, including additional items needing repair, prior to closing during their Home Orientation Walkthrough on October 14th, 2019.

19. The Fischer Homes "Home Orientation" form dated October 14, 2019, contained false representations because several of the items marked with a check, which indicated the item had been completed, were in fact not completed - #3, #4, #34, #37.

4

20.     On October 21, 2019 Fischer Homes representatives including Greg Benoit, Brad Callahan, and Brian Johnson met with the Andersons to discuss items needing repair, which included the master shower with damaged or unlevel tile  and varying caulk and grout color or width to which an additional item list was created to coincide with the initial AVHI Report and Home Orientation Report of items needing repair prior to closing.

21.     On October 25, 2019, Gregory Benoit sent an email to the Andersons advising several items were complete, stating, "Master Shower tile is complete and McSwain was working on getting the caulking completed yesterday and of day. The drywall has been repaired around the shower and we will be painting today," and "[a]ll roof repairs have been made and you should have the pictures from Oxana of the replaced ridge vent and end caps. The other roof repairs can be observed from the ground."

22.     These statements were false, and Gregory Benoit knew they were false.

23.     Lindsay and Heather justifiably relied on these false representations that repairs had been made including others and closed on their new home on October 30, 2019.

24.     After closing on their newly constructed home and taking possession of the residence, the Andersons discovered a number of material defects in the residence, including but not limited to: ongoing water leaks in the basement near the electrical box, sump pump, and recreation room; improper grading and drainage; defective brick construction; countertops that were not caulked properly; rattling vents; masonry cracks; faulty and improper electrical wiring improper installation of windows throughout home; cabinetry installed improperly; improper installation of basement insulation; leaking garage as well as numerous other marginal and defective items throughout the home. Pictures of some of the material, defective conditions are attached.















25.     The Plaintiffs brought these issues to the attention of the Defendant and requested that all repairs be made or that the defective items be replaced.

26.     The Defendant came out to the home several times and claimed to make repairs, but they did not do what they said they would do because the water leaks and material defects continued.

27.     Because of the false representations and fraudulent statements by representatives of Fischer Homes, the Plaintiffs hired inspectors to evaluate the condition of their home.

28.     Because of the continued water leaks in their home and garage, the Plaintiffs hired JW Property Inspection, LLP, to inspect the source of water leaks into the garage.

29.     An inspector from JW Property Inspection, LLP, inspected the Plaintiffs' home on July 14, 2020. A copy of the report of JW Property Inspection, LLP, ("JWP Report") is attached as exhibit C.

30.     The JWP Report concluded that water was coming into the garage through the roof and siding because it appeared that flashing was omitted.

31.     The JWP Report recommended that a qualified contractor remove the vinyl siding and install flashing and potentially counterflashing and then water test the area.

32.     These material defects were concealed from the Plaintiffs by the Defendant.

33.     On July 22, 2020, the Plaintiffs hired Brandstetter's Kanga Roof ("Kanga Roof Report") to conduct a roof inspection because of continued water leaks at their home. A copy of the report is attached as exhibit D.

34.     The inspection revealed that the roof repairs Gregory Benoit claimed were fixed on October 25, 2019 were not fixed, because missing flashing, damaged shingles, damaged ridge vents, and exposed exterior penetrations needing sealed were found.  Several defective conditions found on July 22, 2020 in the Kanga Roof Report match the defective conditions found on October 12, 2019 in the AVHI Report.

35.     The estimate to repair the damaged and defective roof system was estimated at $3178.00. A copy of the repair estimate is attached as exhibit E.

36.     Because of the continued water leaks into the home and related air quality health concerns, Lindsay and Heather became concerned about the growth of mold inside their new home.

37.     On August 4, 2020, Mold Inspection & Testing ("MI&T") conducted an inspection of the Plaintiffs' home. A copy of the MI&T Report is attached as exhibit F.

38.     The MI&T Report recommended addressing the moisture penetration in the garage and sealing several access points around the exterior of the house in the siding, brick and roof. Some of the problem areas match the defective conditions identified in the AVHI Report prior to closing, which means that the representatives of Defendant Fischer Homes lied when they told the Plaintiffs that these problem areas were repaired or replaced.

39.     On August 24th, 2020, Horizon Point Inspections ("Horizon Point Report") conducted a home inspection of the Plaintiffs' home.

40.     A copy of the Horizon Point report is attached as exhibit G.

41.    Of the fourteen observations found, nine were identified as "prioritized observations." Prioritized observations are defined as a functional component that is not operating as intended or is defective. Items that inevitably lead to, or directly cause (if not attended to in a timely manner) adverse impact on the value of the home, or unreasonable risk (unsafe) to people or property.  These concerns require further evaluation or may be more complicated to remedy.

42.    The Horizon Point Report revealed that multiple defective roof conditions, which Gregory Benoit claimed were fixed on October 25, 2019, remained defective and unfixed. The roof still had missing flashing, damaged ridge vents, and exposed areas that needed to be sealed. Some of the defective conditions identified in the Horizon Point Report match the defective conditions identified in the 2019 AVHI Report.

43.    In light of the false representations and fraudulent conduct of items needing repair prior to closing and continued material defects from construction by the Defendant, Lindsay and Heather Anderson had no choice but to bring this action because they could not trust that the Defendant would or could make proper repairs.

44.    On October 19, 2020, continued active leaks were discovered in locations that have previously been identified by the AVHI report and reported to Fischer Homes before closing, were identified by Fischer Homes as being repaired, but are not repaired as evidenced by the attached photographs:















## CAUSES OF ACTION

### First Claim:
### Negligent Misrepresentation

45.    The plaintiffs incorporate by reference the all of the preceding paragraphs.

46.    The Defendant had a duty of reasonable care in the giving of information to Lindsay and Heather Anderson.

47.    The Defendant made representations to the Plaintiffs that all documented repairs were completed prior to closing, and regarding quality of construction, the habitability of the home, and that the home was free of defects.

48.    The Defendant had an interest in making these representations to the Plaintiffs.

49.    The Defendant's representations to the Plaintiffs were false.

50.    Lindsay and Heather Anderson reasonably relied upon the false representations of the Defendant.

51.    The Defendant made the false representations to the Plaintiffs to induce them into going forward with the purchase and closing on the residence at 7168 Canterwood Court.

52.     The Defendant failed to exercise reasonable care in maintaining and communicating information regarding the condition of the residence to the Plaintiffs.

53.     As a direct and proximate result of the negligent misrepresentations of the Defendant, the Plaintiffs have suffered damages greater than $75,000.

**Second Claim:**
**Breach of Duty of Care to Construct in Workmanlike Manner**

54.     The plaintiffs incorporate by reference the all of the preceding paragraphs.

55.     As the builder of the residence, Defendant Fischer Homes owed a duty of care to the Plaintiffs to exercise reasonable care and to construct the residence in a workmanlike manner.

56.     The Defendant Fischer Homes breached this duty of care and failed to construct the residence in a workmanlike manner.

57.     The actions of the Defendant Fischer Homes constitute negligence.

58.     As a direct and proximate result of the Defendant Fischer Homes' negligence and breach, the Plaintiffs have suffered personal injury, emotional distress, and damages to their residence in excess of $75,000.

**Third Claim:**
**Breach of Contract and Breach of Warranty**

59.     The plaintiffs incorporate by reference the all of the preceding paragraphs.

60.     Pursuant to the terms and conditions of the Agreement, the Defendant Fischer Homes agreed to build a home for the Plaintiffs that was free of defects and/or conditions known to them which would impair the fitness of the residence for its intended purpose.

61.     Defendant Fischer Homes agreed to build the home in a workmanlike fashion and warranted that the home would be free from any and all defects.

62.     The Defendant failed to abide by the terms and obligations of the Agreement, as the Plaintiffs have experienced a multitude of problems such as water intrusion, roof defects, faulty electrical wiring, cabinetry, masonry cracks, and improperly installed insulation and windows, all of which require substantial and expensive repair.

63.     The Defendant is in breach of contract and breach of warranty.

64.     As a direct and proximate result of the Defendant's breach of contract, breach of warranty, and failure to construct the residence in a workmanlike fashion free of all defects, the Plaintiffs have suffered damages in excess of $75,000.

**Fourth Claim:**
**Violations of Consumer Sales Practices Act**

65.     The Plaintiffs incorporate by reference the preceding paragraphs.

66.     At all relevant times herein, the transaction between the parties was a consumer transaction.

67.     At all relevant times herein, the Plaintiffs are consumers as defined in the Ohio Consumer Sales Practices Act, R.C. 1345.01 et seq.

68.     At all relevant times herein, the Defendant Fischer Homes is a supplier as defined in the Ohio Consumer Sales Practices Act, R.C. 1345.01 et seq.

69.     The Defendant's actions as set forth in the preceding paragraphs constitute unfair and deceptive practices as defined in R.C. 1345.02(A) and/or unconscionable acts as defined in R.C. 1345.03.

70.     Accordingly, Defendant Fischer Homes is in violation of the Ohio Consumer Sales Practices Act.

71.     Because of Defendant Fischer Homes' violations of the Ohio Consumer Sales Practices Act, the Plaintiffs have suffered damages greater than $75,000, and they are entitled to

all relief contained within that chapter of the revised code, including treble damages, punitive damages, attorneys' fees, court costs and interest and for any other relief this Court deems just and appropriate.

**Fifth Claim:**
**Equitable Rescission**

72.     The Plaintiffs incorporate by reference the preceding paragraphs.

73.     Because of the false and fraudulent representations of the Defendant regarding the home, including the statements of Gregory Benoit that Fischer Homes would not lie or cover things up, and that all roof repairs were made, as well as the Defendant's material breach of their contractual commitments and obligations, the Plaintiffs are entitled to rescind the purchase contract they executed with the Defendant Fischer Homes and have the Court place them in a position they occupied prior to the execution of the contract, in addition to recovering all costs and expenses, damages and personal injuries incurred by the Plaintiffs to date and through the end of the trial in this matter.

**Sixth Claim:**
**Fraud in the Inducement**

74.     The Plaintiffs incorporate by reference the preceding paragraphs.

75.     The Defendant, with knowledge of the undisclosed and concealed material defects in workmanship as previously established, marketed and sold the home to the unsuspecting Plaintiffs, who justifiably relied on the representations of the Defendant.

76.     The Defendant had a duty under Ohio law to disclose all such defects that were known to it and not capable of being discovered by the Plaintiff—until they hired their own inspectors to review the repairs that were claimed to have been done but were not done.

77.    The Defendant's failure to disclose directly and proximately resulted in the Plaintiffs being fraudulently induced into purchasing and closing on a home that is not safe, is susceptible to mold and the entry of birds and rodents, continues to leak, and is not capable of being resold without substantial and costly repairs, due to the defects in construction and workmanship previously described.

78.    As a direct and proximate result of the Defendant's failure to disclose, the Plaintiffs have been damaged as set forth with great particularity in the preceding paragraphs.

**Seventh Claim:**
**Negligent and/or Intentional Infliction of Emotional Distress**

79.    The Plaintiffs incorporate by reference all preceding paragraphs.

80.    As a direct and proximate result of the actions of the Defendant, the Plaintiffs have suffered personal injuries and emotional distress in excess of $75,000.

**JURY DEMAND**

The plaintiffs request a jury trial on all claims triable to a jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Lindsay and Heather Anderson respectfully pray that this Court:

1.    Rescind the Agreement between Fischer Homes and the Plaintiffs.

2.    Award Plaintiffs monetary damages for the negligent conduct of the Defendant Fischer Homes, for their violations of R.C. 1345.01 and 1345.02(A), for their false and fraudulent representations, and for their infliction of emotional distress on the Plaintiffs.

3.    Award punitive damages against the Defendant because of their egregious, fraudulent representations.

4.    Award treble damages, punitive damages, and reasonable attorney fees and costs as permitted by the Ohio Consumer Sales Practices Act, R.C. 1345.01 et seq.

18

5.      Award any other relief to which the Plaintiffs may be entitled and that this Court

deems just and proper.

Respectfully submitted,

*s/ Peter J. Stackpole*
PETER J. STACKPOLE (0072103)
ZACHARY GOTTESMAN (0058675)
Trial attorneys for the Plaintiffs
Gottesman & Associates, LLC
404 E. 12th Street, First Floor
Cincinnati, Ohio 45202
T: (513) 651-2121
F: (513) 651-2131
peterjustinstackpole@gmail.com
zg@gottesmanlaw.com